IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL MOLINA | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 12-5824 |
| | : | |
| MICHAEL WENEROWICZ, et al., | : | |
| | : | |
| *Defendants*. | : | |

## ORDER

**AND NOW**, this 1st day of December, 2016, upon consideration of Defendants' Motion to Reconsider (ECF No. 32), it is hereby **ORDERED** that said Motion is **DENIED**.

## MEMORANDUM

A motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id*.

Defendants move for reconsideration of a portion of this Court's Memorandum, ECF No. 30, disposing of their motion to dismiss pursuant to Federal Rule 12(b)(6), for clear error of law. *See* Defs.' Br. 1-2, ECF No. 32. Specifically, Defendants challenge the last two sentences of footnote 3, which states in its entirety:

> The Eight[h] Amendment claim is subject to the exhaustion requirements under the Prison Litigation Reform Act [PLRA]. *Smith v. Mensinger*, 293 F.3d 641, 647 n.3 (3d Cir. 2002) (citing to

>*Booth v. Churner*, 532 U.S. 731, 741 (2001)).  Exhaustion of administrative remedies is an affirmative defense.  *Id*.  Molina alleges he used the prison's grievance system to try and resolve his problems.  *See, e.g.*, Compl. ¶¶ 16, 56.  Defendants do not dispute that, and do not raise exhaustion of remedies as a defense.  Thus, to the extent the issue exists here, it is deemed waived.  *See Smith*, 293 F.3d at 647.

Defendants seek to strike the last two sentences of that footnote insofar as they could be read to mean that Defendants' failure to raise exhaustion of remedies in their motion to dismiss means they have waived that defense for the entire case.  Defs.' Br. 2.  This Court is cognizant of Defendants' desire to ensure any affirmative defenses available to them are properly preserved for their answer, which they intend to file once the deadline to amend the complaint expires.  *See id*. at 2 n.1.  However, nothing in footnote 3 precludes Defendants from raising exhaustion of remedies as an affirmative defense in their responsive pleading.  Whether they can ultimately succeed on that basis is not an issue this Court decides at this stage in the litigation.

As Defendants acknowledge, footnote 3 is properly understood as relating to the plaintiff's ability to survive a motion to dismiss, which was the subject of the Memorandum, ECF No. 30.  A failure to exhaust remedies as required by the PLRA may be grounds for dismissing a claim on a 12(b)(6) motion.  *See Ray v. Kertes*, 285 F.3d 287, 295 n.8 (3d Cir. 2002) (cited by *Smith v. Mensinger*, 293 F.3d 641, 647 n.3 (3d Cir. 2002)).  Footnote 3 of this Courts' Memorandum, ECF No. 30, correctly states that exhaustion of remedies is an affirmative defense and merely notes that Defendants did not raise that defense in their motion nor did they dispute the plaintiff's allegation that he used the prison's grievance system.  Thus, to the extent exhaustion of remedies could be grounds for dismissing the Eighth Amendment claim, that argument was deemed waived and this Court would not independently raise it.  *See Smith*, 293 F.3d at 647 n.3 (declining to address exhaustion of remedies where defendants did not raise it as

3

a defense, and citing to *Ray*, which reversed a district court's *sua sponte* decision to dismiss an inmate's complaint for failing to plead exhaustion of remedies).  Because footnote 3 does not contain a "clear error of law" resulting in "manifest injustice," Defendants' Motion to Reconsider is DENIED.

                            BY THE COURT:

                            */s/ C. Darnell Jones, II*
                            C. Darnell Jones, II    J.